IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TIMOTHY DAVID WILLIAMS                                                                 PLAINTIFF

v.                                     Case No. 1:24-cv-1001

SHENA CLARY; FOSTER DANIAL;
VERNON MORRIS; and DOE                                                              DEFENDANTS

## ORDER

Plaintiff, Timothy David Williams, originally filed this 42 U.S.C. § 1983 action *pro se*, on January 3, 2024, in the Eastern District of Arkansas. (ECF Nos. 1-2). On the same day, the case was transferred to this Court. (ECF No. 3). Plaintiff submitted an incomplete application to proceed *in forma pauperis* ("IFP") with his complaint. (ECF No. 1). The Court ordered Plaintiff to file a completed IFP application. (ECF No. 6). The Court granted Plaintiff's completed IFP application on February 7, 2024. (ECF No. 12). Currently before the Court is Plaintiff's failure to comply with Court orders and failure to prosecute this matter.

In the Court's February 7, 2024 order, Plaintiff was instructed as follows:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of the new address.

(ECF No. 12).

On February 15, 2024, Plaintiff filed an amended complaint. (ECF No. 14). As is the Court's practice, the Court Clerk mailed Plaintiff a file marked copy of his amended complaint to his address of record. On February 28, 2024, that mailing was returned to the Court as

undeliverable mail. (ECF No. 15). Plaintiff was given thirty (30) days to notify the Court of his new address, but he has failed to do so.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Plaintiff has failed to prosecute this case and failed to comply with the Court's orders. Specifically, Plaintiff has failed to keep the Court apprised of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's amended complaint (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of June, 2024.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge